State v. Henry: Argued October 16, 1978, resubmitted in banc May 1, affirmed in part; reversed in part and remanded for trial May 7, reconsideration denied June 12, review allowed as to appellant June 19, review allowed as to respondent, cross-appellant July 31, dismissed August 20, 1979, 287 Or 3

State v. Haynes: Argued January 16, resubmitted in banc May 1, affirmed May 7, reconsideration denied June 12, petition for review allowed June 19, 1979

# STATE OF OREGON,
*Appellant-Cross-Respondent,*

*v.*

# DeWITT CHARLES HENRY,
*Respondent-Cross-Appellant.*
## (No. 77-165C, CA 10302)

594 P2d 436

# STATE OF OREGON, *Respondent,*

*v.*

# CHARLES LEROY HAYNES, *Appellant.*
## (No. 78-1762, CA11461)

594 P2d 436

[129]

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant-cross-respondent. With him on the briefs were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Enver Bozgoz, Klamath Falls, argued the cause for respondent-cross-appellant. With him on the briefs was Sam A. McKeen, Klamath Falls.

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Brian R. Barnes, Assistant District Attorney, Eugene, argued the cause for respondent. With him on the brief was J. Pat Horton, District Attorney, Eugene.

(Cases Consolidated on Court's
Own Motion

PER CURIAM.

## PER CURIAM.

These two homicide cases, consolidated on our own motion after argument for consideration by the full court, share a common legal issue of profound importance. The issue may be stated thusly:

Where a criminal defendant, properly advised of his rights to remain silent and to counsel as required by *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966), waives those rights and begins to discuss the case with the authorities, and thereafter—while questioning is continuing—a lawyer retained on defendant's behalf by a third party not acting at defendant's request arrives at the stationhouse, does the Constitution require that the authorities cease questioning the defendant unless they have informed him of the presence of the lawyer and received a response again waiving counsel?

On this question, the court is evenly divided. Even division requires that the judgment below be affirmed, a result particularly anomalous in view of the fact that the trial courts in these two cases reached opposite results on the question. We have chosen this unusual way of dealing with the two cases in order to point out the problem to the Supreme Court.

Each of the cases involves some additional questions. All save one of these questions is answered by affirming the trial court determinations. The sole exception arises in No. 10302, *State v. Henry.* In that case, the trial court denied defendant's motion to suppress a certain letter from defendant to his wife. The court is of the unanimous view that the letter, under the circumstances, should have been suppressed.

The order in *State v. Henry* (CA 10302) is affirmed in part and reversed in part, and the case is remanded for trial.

The judgment in *State v. Haynes* (CA 11461) is affirmed.